# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TRAVIS WINSCHER** | ) | |
| | ) | CIVIL ACTION NO.  **24-871** |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **GEORGE M. DAVISON and DAVISON** | ) | |
| **DESIGN AND DEVELOPMENT, INC.,** | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION**

### I.   Introduction

This case was referred to a United States Magistrate Judge for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rules of Court 72.C and 72.D. On December 9, 2024, the magistrate judge issued a Report and Recommendation ("R&R") (ECF No. 17), which recommended that the Motion to Dismiss the complaint for lack of subject-matter jurisdiction (ECF No. 10) filed by Defendants, Davison Design & Development, Inc., and George M. Davison (collectively, "Defendants" or "Davison"), be granted without prejudice to the ability of Plaintiff, Travis Winscher ("Plaintiff" or "Winscher"), to file an amended complaint or to refile the complaint in the appropriate state court forum.

### II.   Procedural History

The initial complaint in this case was received by the court on June 17, 2024. (ECF No. 1). Defendants filed a motion to dismiss for lack of subject-matter jurisdiction on July 5, 2024. (ECF

1

No. 10). Plaintiff filed a brief in opposition to the motion to dismiss on July 24, 2024, (ECF No. 12), and Defendants filed a reply brief on August 5, 2024. (ECF No. 13). On December 9, 2024, the magistrate judge issued the R&R. (ECF No. 17). The R&R set forth the applicable factual and procedural history of the case.

In the R&R the magistrate judge determined that this court does not have federal question jurisdiction over the claim asserted, despite the underlying arbitration arising from the American Inventors Protection Act, 35 U.S.C. § 297, ("AIPA"), because, as the Court made clear in Badgerow v. Walters, 596 U.S. 1 (2022), a court cannot "look-through" the pending action challenging an arbitral award to exercise federal question jurisdiction. Badgerow, 596 U.S. at 12. The magistrate judge recognized that when pursuing the confirmation of an arbitration award utilizing diversity jurisdiction under 28 U.S.C § 1332(a) the Third Circuit Court of Appeals continues to permit the "demand approach" to apply when calculating the amount in controversy. (ECF No. 17 at 7). France v. Bernstein, 43 F.4th 367 (3d Cir. 2022). The magistrate judge recommended a) the pending motion to dismiss be granted, without prejudice, because Plaintiff did not allege diversity jurisdiction in the instant complaint, and b) Plaintiff be permitted to file an amended complaint to allege diversity jurisdiction. (ECF No. 17 at 9).

Any objections to the R&R were to be filed within 14 days and failure to file timely objections would waive the right to appeal. Defendants, through counsel, timely filed objections to the R&R averring that the portion of the R&R that recommended Plaintiff be granted leave to amend his complaint was in error and should be rejected. (ECF No. 18 at 14). Defendants' recommendation that the R&R be otherwise accepted, without prejudice, would effectively foreclose Plaintiff from pursuing his claim in federal court. Plaintiff, represented by counsel in this

case, filed a response to Defendants' objections to the R&R, asserting that diversity jurisdiction could be justified and requested the court deny Defendants' objections to the R&R and to permit the filing of an amended complaint. (ECF No. 19 at 5). The R&R is ripe for review.

### III. Standard of Review

Pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made" and "may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C). Rule 72(b)(3) requires de novo review of any recommendation that is dispositive of a claim or defense of a party to which proper objections were made. See Fraunhofer-Gesellschaft Zur Forderung Der Angewandten Forschung E.V. v. Sirius XM Radio Inc., No. 1:17CV184, 2021 WL 1147010, at *1 (D. Del. Mar. 25, 2021).

Even if no objections are filed, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see McClain v. Pennsylvania Dep't of Corr., No. 1:19-CV-1951, 2020 WL 1690081, at *1 (M.D. Pa. Apr. 7, 2020); Univac Dental Co. v. Dentsply Int'l, Inc., 702 F. Supp. 2d 465, 469 (M.D. Pa. 2010) (explaining that judges should review dispositive legal issues raised by the R&R for clear error).

IV.     **Discussion**

    A.      **General**

The court finds that the magistrate judge conducted a thorough and persuasive analysis of the jurisdictional issues. Following an independent review of the record, the court concurs with the conclusions reached in the R&R and will accept the recommendations of the magistrate judge to grant Davison's motion to dismiss the complaint for lack of subject-matter jurisdiction (ECF No. 10), without prejudice to Plaintiff's ability to file an amended complaint or to refile the complaint in the appropriate state court forum. (ECF No. 17 at 1).

    B.      **Federal Question Jurisdiction**

Federal district courts have jurisdiction over diversity cases, see 28 U.S.C. § 1332, and cases "arising under" federal law. 28 U.S.C. § 1331. The case at issue originates from a claim under the AIPA and the parties' contract requiring disputes be arbitrated under the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.* ("FAA") (ECF No. 17 at 1). The FAA is "something of an anomaly in the field of federal-court jurisdiction[,]" where federal arbitration regulations were established but it did "not create any independent federal-question jurisdiction." Moses H. Crone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 25 n.32 (1983). Here, the dispute was arbitrated, and Plaintiff seeks to vacate the arbitral award.

The FAA "authorizes a party to an arbitration agreement to seek several kinds of assistance from a federal court," but requires an "'independent jurisdictional basis' to resolve the matter." Badgerow, 596 U.S. at 4 (quoting Hall St. Assocs., L.L.C. v. Mattel, Inc., 552 U.S. 576, 582 (2008)). In Vaden v. Discover Bank, 556 U.S. 49 (2009), the Court concluded that the

4

statutory language in § 4 of the FAA[1] allows federal courts to "look-through" the petition to the underlying controversy to determine if the court has a jurisdictional basis to grant a petition to compel arbitration. Vaden, 556 U.S. at 53. In Badgerow the plaintiff had to arbitrate a federal claim and then sought to vacate the arbitral award under § 10 of the FAA. The vacation of the arbitral award was a contract dispute, i.e. a state law claim.

> Recall that the two are now contesting … the enforceability of an arbitral award. That award is no more than a contractual resolution of the parties' dispute—a way of settling legal claims. And quarrels about legal settlements—even settlements of federal claims—typically involve only state law, like disagreements about other contracts.

Badgerow, 596 U.S. at 9.

The question before the Court in Badgerow was whether § 9 of the FAA,[2] to confirm arbitral awards, and § 10,[3] to vacate arbitral awards, allowed for the "look-through" approach

---

1. A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement.
9 U.S.C. § 4.
2. If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.
9 U.S.C. § 9.
3. (a) In any of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration—
(1) where the award was procured by corruption, fraud, or undue means;
(2) where there was evident partiality or corruption in the arbitrators, or either of them;
(3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have
(… footnote continued)

applicable to § 4 to establish jurisdiction. The Court, noting the differences in the language used in § 4 from the language used in §§ 9 and 10, held that they did not. "[T]o vacate an arbitral award under Section 10" of the FAA, the plaintiff "must identify a grant of jurisdiction, apart from Section 10 itself, conferring 'access to a federal forum.'" Badgerow, 596 U.S. at 8 (quoting Vaden, 556 U.S. at 59). In Badgerow there was not complete diversity between the parties, which precluded diversity jurisdiction, and necessitated that the case be filed in a state forum. "Section 9 and 10 applications conform to the normal—and sensible—judicial division of labor: The applications go to the state, rather than federal, courts when they raise claims between non-diverse parties involving state law." Id. at 18.

Under Badgerow, the district court here cannot "look-through" the complaint to the AIPA to reach federal question subject-matter jurisdiction under 28 U.S.C. § 1331; rather, the dispute, which seeks to vacate an arbitral award arising from a contractually required arbitration must independently satisfy another basis for jurisdiction, e.g., diversity jurisdiction, or the action belongs in state court. (ECF No. 17 at 4). See, e. g., Badgerow, 596 U.S. at 4-5.

### C. Diversity Jurisdiction

The Court held in Badgerow that "the enforceability of an arbitral award . . . ha[s] to go beyond the face of the Section 9 or 10 applications [under the FAA] to find a basis for

---

been prejudiced; or
(4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.
(b) If an award is vacated and the time within which the agreement required the award to be made has not expired, the court may, in its discretion, direct a rehearing by the arbitrators.
9 U.S.C. § 10.

jurisdiction." Badgerow, 596 U.S. at 9. The district court cannot look through the arbitral award, which implicated only a contract dispute under state law, to see if the underlying dispute arose under federal law. The only basis for this court to hear Plaintiff's state law claim about the arbitral award is if the court has original subject-matter jurisdiction based on diversity of the citizenship of the parties, with the matter in controversy exceeding the sum of $75,000. 28 U.S.C. § 1332. Unlike in Badgerow, the diversity of citizenship component was met in this case, but the amount in controversy remains contested. (ECF Nos. 10 at 5, 12 at 5-6, 13 at 3-5, 17 at 7-9, 18 at 6-13, 19 at 1-5).

      The Third Circuit Court of Appeals noted that "Courts will disturb an arbitration award only in limited circumstances, but those circumstances do occasionally arise." France, 43 F.4th at 370. In the instant case, Plaintiff seeks to vacate the arbitral award, or in the alternative modify the award, based on a claim that the arbitrator acted in "manifest disregard of established law." (ECF No. 1 at 1). As noted, a federal court action, brought under § 10 of the FAA must have an independent basis for subject-matter jurisdiction. Badgerow, 596 U.S. at 5. The Court in Badgerow ended its analysis at the lack of federal question jurisdiction because the parties in that case did not have diversity of citizenship. Id. at 9. The Third Circuit Court of Appeals in France, however, commented that the Badgerow "holding does not upset the District Court's jurisdiction here, because France's petition submitted to the District Court established diversity jurisdiction," based on non-similar citizenship, and "[w]e have jurisdiction pursuant to 9 U.S.C. § 16(a)(1)(D)." France, 43 F.4th at 377, n.7 (citing the statute permitting, among other things, appeals from an order involving the confirmation of an arbitral award or modifying or vacating

7

an arbitral award).[4]

The parties here debate the ability of the court to employ the "demand approach" utilized in France to calculate the amount in controversy in order to establish a basis to establish diversity jurisdiction. France, 43 F.4th at 377. In France, the Third Circuit Court of Appeals, while noting the "steep climb to vacate an arbitration award," and the "'strong presumption'" in favor of maintaining the decisions of the arbitrator, remanded the case to reconsider the total losses claimed in the arbitration, despite an arbitration award that provided no recovery. Id. (quoting Hamilton Park Health Care Ctr. Ltd. v. 1199 SEIU United Healthcare Workers E., 817 F.3d 857, 861 (3d Cir. 2016)). Likewise, here, the amount in controversy cannot be limited to the amount of the arbitral award and Plaintiff avers that the amount in controversy requirement can be satisfied if Plaintiff is permitted to file an amended complaint.

The Third Circuit Court of Appeals has examined the facts set forth in a well-pleaded complaint to determine whether the amount in controversy was met in order to demonstrate diversity jurisdiction. See, e.g., France, 43 F.4th 367; Goldman v. Citigroup Glob. Mkts Inc., 834 F.3d 242 (3d Cir. 2016); Auto-Owners Ins. Co. v. Stevens & Ricci Inc., 835 F.3d 388 (3d Cir. 2016). In the instant case, with diversity of citizenship unquestioned, Plaintiff asserts it is able to satisfy the amount in controversy requirement. Plaintiff will be permitted the opportunity to file

---

4.   (a) An appeal may be taken from—
    (1) an order—
    (A) refusing a stay of any action under section 3 of this title,
    (B) denying a petition under section 4 of this title to order arbitration to proceed,
    (C) denying an application under section 206 of this title to compel arbitration,
    (D) confirming or denying confirmation of an award or partial award, or
    (E) modifying, correcting, or vacating an award…
     9 U.S.C. § 16.

an amended complaint and Defendants will be able to challenge the amended complaint.

### D.     Amended Pleadings

The Federal Rules of Civil Procedure direct the court to "freely give leave" to parties to amend their pleadings. Fed. R. Civ. P. 15. Here, federal question jurisdiction is not shown, and the instant complaint does not set forth the factual basis to satisfy the amount in controversy required for diversity jurisdiction. Because the complaint fails to show a basis for subject-matter jurisdiction, it must be dismissed. The magistrate judge, however, correctly concluded that the dismissal must be without prejudice and that leave to amend the complaint should be granted for Plaintiff to assert the amount in controversy in order to establish diversity jurisdiction, per 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."). (ECF No. 17 at 9).

### V.     Conclusion

For the reasons set forth above, the Motion to Dismiss (ECF No. 10) filed by Defendants will be granted without prejudice.  The court will adopt the R&R (ECF No. 17) as the opinion of the court as supplemented by this opinion, and Plaintiff will be granted leave to amend his complaint to correct jurisdictional allegations. Defendants will have a renewed opportunity to submit a motion to dismiss the amended complaint. An appropriate order follows.

Dated: February 19, 2025

BY THE COURT

                               *s/Joy Flowers Conti*
                               JOY FLOWERS CONTI
                               SENIOR UNITED STATES DISTRICT JUDGE