IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TRAVIS WINSCHER, | ) |
| Plaintiff, | ) CIVIL ACTION NO. **24-871** |
| v. | ) |
| GEORGE M. DAVISON and DAVISON DESIGN AND DEVELOPMENT, INC., | ) |
| Defendants | ) |

**MEMORANDUM OPINION**

**I.     Introduction**

This case was referred to a United States Magistrate Judge for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rules of Court 72.C and 72.D. On September 5, 2025, the magistrate judge issued a Report and Recommendation ("R&R") (ECF No. 29), which recommended that the First Amended Complaint ("FAC") (ECF No. 23) filed by plaintiff Travis Winscher ("Winscher") be construed as a motion to vacate or modify an arbitration award, and the requested relief be denied. Winscher filed objections to the R&R. (ECF No 30). Defendants Davison Design & Development, Inc., and George M. Davison (collectively, "Davison"), filed a response in opposition to Winscher's objections. (ECF No. 31). The R&R is ripe for review.

**II.     Procedural History**

The procedural history leading up to the entry of the R&R is set forth in the R&R and is not in dispute; it will not be repeated here.

The magistrate judge, having found the jurisdictional issue from the original complaint was rectified in the FAC, reviewed the relevant provisions of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9-11, to determine "whether the Court may resolve the merits of Winscher's request for relief." (ECF No. 29 at 7).[1]

Winscher filed objections to the R&R four days beyond the 14-day deadline to timely file objections, without leave of court for an extension. (ECF No. 30). Davison filed a response in opposition to the objections, noting they were untimely filed. (ECF No. 31). The R&R is ripe for review.

### III.  Standard of Review

Pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made" and "may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C). Rule 72(b)(3) requires de novo review of any recommendation that is dispositive of a claim or defense of a party to which proper objections were made. See Fraunhofer-Gesellschaft Zur Forderung Der Angewandten Forschung E.V. v. Sirius XM Radio Inc., No. 1:17CV184, 2021 WL 1147010, at *1 (D. Del. Mar. 25, 2021).

Even if no objections are filed, the court should, as a matter of good practice, "satisfy

---

1. Davison did not file any objection to the magistrate judge's recommendation about subject-matter jurisdiction. See United States v. Dowdell, 70 F.4th 134, 139 (3d Cir. 2023) (affirming the district court's finding that an "argument had never been made, so it was waived"). The court, nonetheless, finds no error in the magistrate judge's recommendation that this court has subject-matter jurisdiction, and will adopt this recommendation.

2

itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see McClain v. Pa. Dep't of Corr., No. 1:19-CV-1951, 2020 WL 1690081, at *1 (M.D. Pa. Apr. 7, 2020); Univac Dental Co. v. Dentsply Int'l, Inc., 702 F. Supp. 2d 465, 469 (M.D. Pa. 2010) (explaining that, even if no objections are filed, judges should review dispositive legal issues raised by the R&R for clear error).

## IV.     Discussion

### A.     General

The court finds that the magistrate judge conducted a thorough and persuasive analysis of the issues. Following an independent review of the record, the court concurs with the conclusions reached in the R&R and will accept the recommendations of the magistrate judge to construe the FAC as a motion to vacate or modify an arbitration award, and deny the requested relief. (ECF No. at 29).

### B.     **Impact of Untimely Filing of Objections**

Federal district courts review the recommendations of a magistrate judge for non-dispositive and dispositive motions. For non-dispositive motions, objections must be considered by the district court and the district court should "set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). For dispositive motions, objections must be considered by the district court "de novo." 28 U.S.C. § 636(b)(1). "[A] motion is dispositive if a decision on the motion would effectively determine a claim or defense of a party." Equal Emp. Opportunity Comm'n v. City of Long Branch, 866 F.3d 93, 98 (3d Cir. 2017). The motion to dismiss/motion to vacate is a dispositive motion, but untimely filing of objections may affect

3

the standard of review.

"If a party does not object timely to a magistrate judge's report and recommendation, the party may lose its right to de novo review by the district court." Id. at 99-100 (citing Nara v. Frank, 488 F.3d 187, 194 (3d Cir. 2007)).  Even when there are no objections to a dispositive motion, the district court should "afford some level of review to dispositive legal issues raised by the report. … [T]he district judge is to give some reasoned consideration of the magistrate's report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987).

Timely objections are those made within 14 days from service of the magistrate judge's R&R. Fed. R. Civ. P. 72(b)(2) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.").  Winscher's objections to the recommendations in the R&R were not filed within 14 days, and Winscher provided no explanation and did not obtain leave of court or an extension of time to file the objections.  While arguably only a reasoned consideration to the R&R is required, the court, in the interest of justice, reviewed the objections and response to them de novo.  Winscher did not directly challenge any holding of the magistrate judge, but argues about the errors of the arbitrator concerning the statute of limitations for claims arising under the American Inventors Protection Act ("AIPA"), 35 U.S.C. § 297. (See ECF No. 30).  In essence, Winscher is rearguing the issues presented to the arbitrator and to the magistrate judge.  The magistrate judge's analysis of Winscher's arguments was a thorough and persuasive review of the record.  Even assuming a de novo review is appropriate, the court after a de novo review of the record will adopt the R&R.

  **C.**  **Procedural Posture to Vacate or Modify the Arbitration Award**

As noted in the R&R, the Third Circuit Court of Appeals has addressed the issue of how

the process to confirm, vacate, or modify an arbitration award from a FAA action "differs from a typical civil action." (Id.). Specifically, "a petition to confirm an arbitration award under the FAA is 'a motion, not a pleading.'" CPR Mgmt., S.A. v. Devon Park Bioventures, L.P., 19 F.4th 236, 243 (3d Cir. 2021) (quoting IFC Interconsult, AG v. Safeguard Int'l Partners, LLC., 438 F.3d 298, 308 (3d Cir. 2006)).  Courts have recognized that

> motions to confirm an arbitration award are addressed through summary proceedings, which are shorn of certain formalities such as pleadings. That is because FAA Section 9 "expressly provides for an 'application' for confirmation, does not instruct parties to file a complaint, and does not instruct the district court to carry on a formal judicial proceeding."
> …
> Like FAA Section 9, FAA Section 10 provides that courts may vacate an arbitration award upon "application" of any party to the arbitration; does not instruct parties to file a complaint; and does not instruct the district court to carry on a formal judicial proceeding. … Thus, we conclude that motions to vacate under FAA Section 10 also result in summary proceedings.

PG Publ'g, Inc. v. Newspaper Guild of Pittsburgh, 19 F.4th 308, 313 (3d Cir. 2021) (quoting Teamsters Loc. 177 v. United Parcel Serv., 966 F.3d 245, 254 (3d Cir. 2020)).

Despite Winscher not filing the complaint as a motion or application to vacate the arbitration award, in the interest of "judicial economy," the magistrate judge did not strike the FAC, but proceeded to "construe Winscher's pleading as a motion to vacate under the FAA and consider the merits as alternatively requested by Davison." (ECF No. 29 at 9).

### 1. Vacatur of Arbitration

The magistrate judge reviewed the grounds for vacation of an arbitration award under the applicable provisions of the FAA, which provides:

> **(a)** In any of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration--
> **(1)** where the award was procured by corruption, fraud, or undue means;
> **(2)** where there was evident partiality or corruption in the arbitrators, or

5

>   either of them;
> **(3)** where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
> **(4)** where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a).

### a) No Fraud, Corruption or Misconduct Alleged

There were no facts alleged by Winscher that any of the first three factors necessary for vacation of an arbitration award were contemplated in this case. This court will, therefore, not consider those issues. See United States v. Dowdell, 70 F.4th 134, 139 (3d Cir. 2023) (affirming the district court's finding that an "argument had never been made, so it was waived"). Winscher's FAC asks for the arbitration award to be vacated under § 10(a)(4) as quoted above, because the arbitrator "acted in manifest disregard of established law and exceeded the scope of his powers." (ECF No. 23 at 1).

### b) Whether the Arbitrator Exceeded His Powers

In the instant case, Winscher seeks to vacate the arbitration award, or in the alternative modify the award based on an argument that the arbitrator acted in "manifest disregard of established law." Id. The Supreme Court has addressed the limitations of vacating an arbitrator's decision in Oxford Health Plans LLC v. Sutter, 569 U.S. 564 (2013), affirming a Third Circuit Court of Appeals decision, as follows:

> Under the FAA, courts may vacate an arbitrator's decision "only in very unusual circumstances." First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 942 (1995).
>
> …
>
> [C]onvincing a court of an arbitrator's error—even his grave error—is not enough. So long as the arbitrator was "arguably construing" the contract—

6

> which this one was—a court may not correct his mistakes under § 10(a)(4). Eastern Associated Coal, 531 U.S. at 62. The potential for those mistakes is the price of agreeing to arbitration.
>
> …
>
> The arbitrator did what the parties requested: He provided an interpretation of the contract resolving that disputed issue. His interpretation went against [plaintiff], maybe mistakenly so. But still, [plaintiff] does not get to rerun the matter in a court. Under § 10(a)(4), the question for a judge is not whether the arbitrator construed the parties' contract correctly, but whether he construed it at all. Because he did, and therefore did not "exceed his powers," we cannot give [plaintiff] the relief it wants.

Oxford Health, 569 U.S. at 569, 572-73.

Winscher argues that "[t]he arbitrator did not look at the contract and calculate the accrual date under the contract and determine whether the statute had run. The arbitrator simply applied the discovery rule. In doing so, the arbitrator disregarded the terms of the contract." (ECF No. 30 at 5). To support his argument, he first points to a state law claim, fraud in the inducement,[2] but in the arbitration he asserted claims only under the AIPA, a federal law. In Winscher's FAC, his sole accusations against Davison are for two violations of the AIPA; specifically, failure to disclose AIPA-required information and material misrepresentations and omissions beyond the required APIA disclosures. (ECF No. 23). The AIPA claims are subject to the four-year catch all limitations period for actions arising under federal laws enacted after December 1, 1990. Calhoun v. Invention Submission Corp., No. CV 18-1022, 2019 WL

---

2. In Winscher's objections to the R&R (ECF No. 30), he refers to a state law fraud in the inducement claim.  To the extent that he is asserting a state law claim, that claim was not previously presented to the arbitrator or the magistrate judge.  Whether Winscher has grounds for this state law claim is not before this court and will not be addressed here. Cf. DLJ Mortg. Cap., Inc. v. Stevens, No. 24-2264, 2026 WL 456994, at *2 (3d Cir. Feb. 18, 2026) ("[W]e we will not 'consider on appeal issues which were not presented to the district court.'") (quoting Royce v. Hahn, 151 F.3d 116, 125 (3d Cir. 1998)); Bapu Corp. v. Choice Hotels Int'l, Inc., 371 F. App'x 306, 310 (3d Cir. 2010).

1547372, at *3 (W.D. Pa. Apr. 9, 2019) (citing 28 U.S.C. § 1658(a)). For the first claim, the statute of limitations began to run when the pertinent agreement was signed. Id. For the second claim, the statute of limitations began to run when a plaintiff "should have been aware" of the alleged fraud. Id. The arbitrator reviewed the applicable statute of limitations and applied it to the facts before him. The magistrate judge found Winscher's arguments to be unavailing under the standard to review applicable to an arbitrator's decision. The magistrate judge noted:

> Winscher's disagreement with the result does not implicate an issue improperly submitted to arbitration nor point to relief that cannot be rationally derived from the parties' agreements. Instead, he asserts that the arbitrator erred factually and legally. But "[i]t is not enough to show that the [arbitrator] committed an error - even a serious error. Because the parties bargained for the arbitrator's construction of their agreement, an arbitral decision even arguably construing or applying the contract must stand, regardless of a court's view of its (de)merits." Oxford Health Plans LLC v. Sutter, 569 U.S. 564, 569 (2013). "[F]or an error to justify vacating an arbitration award, it must be not simply an error of law, but [one] which so affects the rights of a party that it may be said that he was deprived of a fair hearing." Whitehead v. Pullman Group Grp., LLC, 811 F.3d 116, 120 (3d Cir. 2016).

(ECF No. 29 at 1). The magistrate judge correctly concluded that "[t]he arbitrator's analysis of the statute of limitations is well-reasoned and does not display manifest disregard of the law." (ECF No. 29 at 14). See Metromedia Energy, Inc. v. Enserch Energy Servs., Inc., 409 F.3d 574, 578 (3d Cir. 2005) ("Vacatur is appropriate only in "exceedingly narrow" circumstances, such as where arbitrators are partial or corrupt, or where an arbitration panel manifestly disregards, rather than merely erroneously interprets, the law.").

### 2. Modification of Arbitration

Winscher in the FAC asks that the arbitration award be vacated or in the alternative modified because there was "an evident material mistake in the description of property referred to in the award. … The arbitrator identified two contracts when there were three." (ECF No. 27

8

at 14). This same argument was presented to the magistrate judge and was found to be without merit. According to § 11 of the FAA, an arbitration award may be modified or corrected under the following circumstances:

> (a) Where there was an evident material miscalculation of figures or an **evident material mistake in the description of any person, thing, or property** referred to in the award.
> (b) Where the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted.
> (c) Where the award is imperfect in matter of form **not affecting the merits of the controversy**.
> The order may modify and correct the award, so **as to effect the intent thereof** and promote justice between the parties.

9 U.S.C. § 11 (emphasis added).

The magistrate judge analyzed the grounds for modification of an arbitration award and determined that Winscher's request did not meet the requirements of any of the three categories noted above. The magistrate judge determined that the

> wording of Section 11 reflects that modification may occur only if the purported mistake does not affect the merits of the controversy. See Libya v. Strabag, No. 21-7128, 2022 WL 1715989, at *2 (D.C. Cir. May 27, 2022) (Grain v. Trinity Health, 551 F.3d 374, 379 (6th Cir. 2008)) ("section 11(a) is a vehicle for correcting 'obvious numerical gaffe[s] in computing' the award, not for relitigating whether the arbitrator 'made a mistake on the merits' ").

(ECF No. 29 at 14). Because Winscher's request for modification was based on relitigating the merits of the arbitration award and not on a material error in identifying property, the magistrate judge properly recommended this court find Winscher is ineligible for relief in the form of modification of the arbitration award under § 11 of the FAA. The magistrate judge's analysis was not erroneous.

## V. Conclusion

For the reasons set forth above, the FAC (ECF No. 23) filed by Winscher is construed as a motion or application to vacate or modify an arbitration award, and the relief requested by Winscher will be denied. The Motion to Dismiss (ECF No. 24) filed by Davison is construed as a response to the motion. The court will adopt the R&R (ECF No. 29) as the opinion of the court as supplemented by this opinion.

An appropriate order follows.

Dated: February 19, 2026

BY THE COURT

<u>s/Joy Flowers Conti</u>
JOY FLOWERS CONTI
SENIOR UNITED STATES DISTRICT JUDGE